**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH RICCARDO,

        Plaintiff,

CASE NO.:

v.

AMERICAN STRATEGIC INSURANCE
CORP.,

        Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH RICCARDO (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint, and in support thereof alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     This is an action for damages in excess of $50,000 and within the jurisdiction of this Court.

2.     At all times material hereto, Plaintiff was and is a resident of Manatee County, Florida and is otherwise *sui juris*.

3.     At all material times hereto, Defendant, AMERICAN STATEGIC INSURANCE CORP. (hereinafter "Defendant"), is and was a company duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Manatee County, Florida.

4.     Venue is proper in Manatee County, Florida because the contract which forms the subject matter of this lawsuit involves the subject property located in Manatee County, Florida.

5.     All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

Mila Lopata, P.A.
15807 Biscayne Blvd, • Suite #213 • North Miami Beach • Florida • 33160 •Tel: 786-999-6494

## GENERAL ALLEGATIONS

6.    Plaintiff is the homeowner and insured under Defendant's insurance policy number 0FLD326699 (hereinafter the "Policy") with coverage effective on the date of loss.  A copy of the Policy is attached hereto as Exhibit A.

7.    Accordingly, under the terms of the Policy, Defendant agreed to provide insurance coverage to the Plaintiff's Property against certain losses.  The subject property is located at 15120 County Road 675, Parrish, FL 34219 (hereinafter the "Property").

8.    While the Policy was in full force and effect, the Property sustained a covered loss; to wit: sudden and accidental damage as the result of flood water intrusion (hereinafter the "Loss").

9.    Defendant assigned claim number 23310241001 to the Loss and assigned an insurance adjuster to inspect and adjust the Loss.

10.    Defendant acknowledged coverage for the Loss but issued an insufficient payment to Plaintiff for the Loss.

11.    After diligent inspection of the Loss, it was obvious that the Property sustained covered damages in excess of those contemplated by Defendant.

12.    Under the terms of the Policy, Defendant is liable to the Insured for the total amount (within the Policy limits) of the loss less any applicable deductible.

13.    Plaintiff notified the Defendant of the disagreement with its evaluation of the loss.

14.    Defendant failed to acknowledge the full extent of the covered loss or tender payment for the associated damages.

15.    The aforementioned damages to the Property resulting from the Loss is a covered event that is not excluded under the terms of the Policy.

Mila Lopata, P.A.
15807 Biscayne Blvd, • Suite #213 • North Miami Beach • Florida • 33160 •Tel: 786-999-6494

16.    To date, Defendant has failed to acknowledge that payment is forthcoming to adequately compensate Plaintiff for the Loss, representing a breach of the Policy.

17.    Plaintiff has suffered and continues to suffer damages resulting from Defendant's breach of the policy.

**COUNT I**
**BREACH OF CONTRACT**

Plaintiff re-alleges and re-avers the preceding allegations contained in Paragraphs 1 to 17.

18.    Plaintiff and Defendant entered into a written contract, the Policy, wherein Plaintiff agreed to pay a premium and Defendant agreed to insure Plaintiff's Property.

19.    The Policy provides coverage in I. AGREEMENT, which states in pertinent part:

**"We will pay you for direct physical loss by or from flood to your insured property…"**

20.    During the Policy's effective period the Property was damaged causing sudden and immediate physical damage to the insured Property resulting from flood.

21.    Defendant was given timely notice of the loss, inspected and estimated the damage, and was not prejudiced in its investigation of the claim.

22.    Further, at all times material hereto, Plaintiff has satisfied post-loss obligations accorded in the Policy.

23.    Defendant has failed to properly compensate Plaintiff for the damage sustained to the Property as a result of the loss.

24.    As of the date of the filing of this lawsuit, the Defendant has failed to (i) acknowledge that proper payment would be forthcoming; (ii) make proper payment of insurance proceeds to Plaintiff; (iii) provide a statement to Plaintiff detailing a justifiable reason for not complying with the Policy.  As a result of the foregoing, Defendant has breached the Policy.

Mila Lopata, P.A.
15807 Biscayne Blvd, • Suite #213 • North Miami Beach • Florida • 33160 •Tel: 786-999-6494

25.    As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has sustained damages for which Plaintiff is entitled to be indemnified against under the Policy and which was payable to or on behalf of Plaintiff in connection with the loss to the Property.

**WHEREFORE**, Plaintiff prays for damages, prejudgment interest, attorney's fees, costs, and a trial by jury of all issues triable as a matter of right by a jury.

Dated this 6th day of January, 2026.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all claims so triable.

**MILA LOPATA, P.A.**
*Attorneys for Plaintiff*
15807 Biscayne Blvd., Suite 213
North Miami Beach, FL  33160
T: (786) 999-6494
Direct line: 305-874-0750
F: (786) 999-8881

*/s/ Mila Lopata*
**Lyudmila Lopata, Esq.**
Florida Bar No. 056231
mila@milalaw.com
**Bryant Paris, Esq.**
Florida Bar No. 72286
bryant@milalaw.com
